**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DURRELL SCOTT** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-19-3343 |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, et al.** | * | |
| Defendants | * | |

## MEMORANDUM

Now pending before the Court is the Defendants' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF No. 12). The Plaintiff has responded (ECF No. 15) and the Defendants have replied (ECF No. 23). Plaintiff amended the Complaint (ECF No. 18) and the Defendant gave notice that it does not request the opportunity to file an updated statement with respect to the Motion to Dismiss (ECF No. 25). The matter is ripe.

The Plaintiff has sued the wrong party. If these claims are viable, they only have traction when brought against the original tortfeasor. This is true under Maryland law or Pennsylvania law. Everything *the carrier* did in relation to this matter was pursuant to its obligations to its insured, the tortfeasor. When it acted to compensate the Plaintiff, it did so only pursuant to its obligations to its insured. Perhaps there was a settlement agreement entered into between the Plaintiff and Defendants' insured, and perhaps there are good claims for nonperformance or breach (or detrimental reliance) arising under such a settlement agreement, but none of that creates contractual privity between Plaintiff and Defendants. For this reason, and for all of the reasons set

out in the Defendants' submissions (ECF Nos. 12, 23), the Motion to Dismiss will be GRANTED by accompanying order.

DATED this 9th day of January, 2020.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge