IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DURRELL SCOTT | * |
| Plaintiff, | * |
| v. | *   Civil No.: BPG-19-3343 |
| GERARDO RAFAEL CRUZ-RAMOS | * |
| | * |
| Defendant | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 34). Currently pending are plaintiff's Motion for Partial Summary Judgment ("plaintiff's Motion") (ECF No. 71), defendant's Motion for Summary Judgment and Opposition to plaintiff's Motion for Partial Summary Judgment ("defendant's Motion and Response") (ECF No. 76), plaintiff's Opposition to defendant's Motion for Summary Judgment/Reply in Support of plaintiff's Motion for Partial Summary Judgment ("plaintiff's Response and Reply") (ECF No. 83), defendant's Reply in Support of defendant's Motion for Summary Judgment ("defendant's Reply") (ECF No. 86), defendant's Supplemental Memorandum of Law in Support of defendant's Motion for Summary Judgment and Opposition to plaintiff's Motion ("defendant's supplemental briefing") (ECF No. 90), and plaintiff's Supplemental Motion for Summary Judgment ("plaintiff's supplemental briefing") (ECF No. 91). No hearing is deemed necessary. Loc. R. 105.6. For the

reasons discussed herein, plaintiff's Motion for Partial Summary Judgment (ECF No. 71) is DENIED and defendant's Motion for Summary Judgment (ECF No. 76) is DENIED.

I.    **BACKGROUND**

In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). On or about December 15, 2016, defendant backed his commercial truck into plaintiff's commercial truck (referred to as "the accident"). (ECF No. 76 at 2). Plaintiff's truck was operated by his brother, Mr. Kemmitt Scott (hereinafter "K. Scott"). (Id.) Following the accident, defendant provided his insurance information to K. Scott. (ECF No. 91 at 3). When K. Scott called defendant's insurance company to report the accident, Ms. Dee Hogan was assigned as defendant's insurance company claims adjuster. (Id.) Hogan said in an email sent to defendant's employer that, according to her investigation, defendant "was fully liable for this accident." (Id. at 9). Subsequently, following an appraisal conducted by Mr. Lenny Duckworth, defendant's insurance company paid for repairs to the body of plaintiff's truck and for a rental truck while the body repairs were completed. (ECF No. 71 at 1-2). Plaintiff alleges that the accident also caused mechanical damage to plaintiff's truck. (ECF No. 76 at 3). According to K. Scott, there were no mechanical problems with the truck prior to the accident, but immediately following the accident the truck would not switch gears or accelerate past 20 miles per hour. (ECF No. 91 at 3). K. Scott experienced these same issues with the truck driving back to the truck yard in Maryland from the site of the accident, driving to the body repair shop, and driving from the body repair shop following the repairs back to the truck yard. (Id. at 4-5). Plaintiff alleges that because these mechanical damages were not repaired and defendant's insurance company stopped

paying for a rental truck following the completion of body damage repairs, plaintiff was unable to use the truck, leading to his inability to make payments on the truck which in turn led to the truck's repossession and the loss of plaintiff's trucking business. (ECF No. 78 at 2).

On October 3, 2019, plaintiff filed suit against defendants AIG Property Casualty Insurance Agency, Inc. and AIG Claims, Inc. in the Circuit Court of Maryland for Baltimore City ("Circuit Court"). (ECF No. 2). On November 18, 2019, the parties filed a joint line with the Circuit Court to substitute defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") for defendant AIG Property Casualty Insurance Agency, Inc. (ECF No. 3). On November 20, 2019, defendant filed a Petition for Removal to this court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (ECF No. 1). On November 27, 2019, defendants National Union and AIG Claims, Inc. filed a Motion to Dismiss. (ECF No. 12). On December 10, 2019, plaintiff filed an Amended Complaint, adding defendant Gerardo Rafael Cruz-Ramos. (ECF No. 18). On January 13, 2020, this court filed an Order dismissing defendants National Union and AIG Claims, Inc., leaving one remaining claim for negligence against defendant Cruz-Ramos. (ECF No. 30).

In his negligence claim, plaintiff asserts that defendant's negligence caused mechanical damages to plaintiff's truck that prevented plaintiff from conducting his trucking business and ultimately led to the repossession of plaintiff's truck and lost wages for 2017-2019. (Id. ¶ 24). On October 1, 2020, plaintiff filed a Second Amended Complaint adding noneconomic damages to his claim against defendant, stating that the loss of his trucking business led to "inconvenience, stress, mental and emotional anguish, and anxiety." (ECF No. 78 ¶ 24). Following the filing of the pending cross-motions for summary judgment in which the parties cited to Maryland law, this court determined that Pennsylvania law should be applied in this case because the accident at issue

3

occurred in Pennsylvania.  While "the [c]ourt applies the choice of law rules of the state in which it sits" in diversity cases such as this case, "[i]n tort suits, Maryland generally follows the principle of lex loci delicti, which applies the law of the state where the injury occurred."  Kielar v. Granite Const. Co., 647 F. Supp. 2d 524, 526 (D. Md. 2009) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941); Farwell v. Un, 902 F.2d 282, 287 (4th Cir. 1990); Laboratory Corp. of America v. Hood, 395 Md. 608, 615, 911 A.2d 841, 845 (2006)).  As a result, the court ordered the parties to file supplemental briefing addressing Pennsylvania law applicable to their respective arguments.[1]  (ECF Nos. 89, 90, 91).

## II.  STANDARD OF REVIEW

Both plaintiff and defendant move for summary judgment.  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is properly considered "material" only if it might affect the outcome of the case under the governing law.  Id.  The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  On those issues for which the non-moving party will have the burden of proof, however, it is his or

---

[1] In its order, this court also asked the parties to advise the undersigned if they agreed with the conclusion that Pennsylvania law should be applied in this case and, if not, why not.  (ECF No. 89).  Plaintiff stated that he agreed with this court's determination that Pennsylvania law should apply (ECF No. 91 at 1), but defendant merely stated that the undersigned determined Pennsylvania law would be applied.  (ECF No. 90 at 1).  Given defendant's lack of objection or explanation as to why Pennsylvania law would not apply, this court concludes that defendant has waived any objection to the application of Pennsylvania law in this case.

her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented.  Anderson, 477 U.S. at 252.  In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Celotex, 477 U.S. at 324.  A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment.  Anderson, 477 U.S. at 252.  Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.  Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001).  Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party.  Anderson, 477 U.S. at 252.

### III.  DISCUSSION

#### A.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for partial summary judgment on liability and asserts two arguments: 1) that defendant's insurance adjuster admitted defendant's liability; and 2) that defendant is

negligent per se due to defendant's statutory infraction. (ECF No. 71 at 3-4, ECF No. 83 at 1-5). Plaintiff's first argument is that defendant's insurance company's claims adjuster, Ms. Dee Hogan, is an agent of defendant and, therefore, an email sent to defendant's employer in which she states defendant "was fully liable for [the] accident" and "no percentage of fault falls onto [plaintiff]" is admissible as a statement of a party opponent pursuant to Federal Rule of Evidence 801. (ECF No. 71 at 4). Rule 801(d)(2)(D) states that a statement is not hearsay if it "was made by the [opposing party's] agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). "The burden of establishing the existence of an agency relationship rests on the party making the assertion." Goodway Marketing, Inc. v. Faulkner Advertising Associates, Inc., 545 F. Sup. 263, 267 (E.D. Pa. 1982) (citing Scott v. Purcell, 415 A.2d 56, 60 n.8, (Pa. 1980); Girard Trust Bank v. Sweeney, 231 A.2d 407, 410 (Pa. 1967)).

Here, plaintiff argues Hogan was an apparent agent of defendant and, therefore, accepted liability on defendant's behalf. (ECF No. 91 at 9-11). Yet, plaintiff provides no evidence that Hogan was acting as an agent of defendant rather than as an employee of defendant's insurance company. "There are various situations in which the interests of the insurer and the insured may be at odds during the course of litigation," and therefore it would be imprudent for an employee or agent of an insurance company to act as the agent of an insured party. Simons v. Marriott Corp., No. SWK-92-3762, 1993 WL 410457, at *4-5 (S.D.N.Y. Oct. 13, 1993). Accordingly, plaintiff has failed to meet his burden of showing there is no genuine issue of material fact regarding whether Hogan was acting as defendant's agent rather than as the insurance company's employee/agent when she made the statement regarding defendant's liability.

Plaintiff's second argument is that defendant is negligent as a matter of law, or negligent per se, because defendant violated Pennsylvania's law requiring that "no driver shall back a vehicle

unless the movement can be made with safety." 75 Pa. Stat. and Cons. Stat. § 3702(a) (West 2021). Plaintiff cites defendant's deposition in which defendant admits that he backed into plaintiff's truck. (ECF No. 83 at 2). "Violation of a statute, although negligence per se, does not constitute a ground for imposing liability unless it can be shown to be substantial factor in causing the injury. Whether a party's conduct has been a substantial factor in causing injury to another is ordinarily a question of fact for the jury, and may be removed from the jury's consideration only where it is so clear that reasonable minds cannot differ on the issue." Vernon v. Stash, 532 A.2d 441, 446 (Pa. Super. Ct. 1987).

Whether defendant's violation of Pennsylvania's law was a substantial factor in causing the alleged mechanical damages to plaintiff's truck is unclear. While it is undisputed that the accident caused body damage to plaintiff's truck, the issue in this case is whether the accident caused mechanical damage to plaintiff's truck. As discussed below, a factual dispute exists regarding this issue. Plaintiff offers the testimony of K. Scott to support his claim that the accident caused mechanical damage, (ECF No. 83 at 11-12; ECF No. 91-3 ¶ 6), while defendant argues that there is inadequate evidence that mechanical damage resulted from the accident. (ECF No. 90 at 5). On the current record, the court concludes that reasonable minds could differ on the issue of whether defendant's conduct was a substantial factor in causing the alleged mechanical damages. This factual dispute must be resolved by a jury and, accordingly, plaintiff's Motion for Partial Summary Judgment (ECF No. 71) is denied.[2]

---

[2] In plaintiff's Response and Reply, plaintiff also argues that defendant's insurance company's approval of a settlement indicates that defendant accepted liability. (ECF No. 83 at 5). Yet, plaintiff provides no citations to any law supporting this argument.

### B. **Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment, stating that plaintiff cannot establish a prima facie case of negligence because plaintiff failed to offer evidence that mechanical damage existed and, even if the court did find there was evidence of mechanical damage, that plaintiff failed to offer evidence that defendant caused said damage. (ECF No. 76-1 at 6-10). To establish a negligence claim under Pennsylvania law, "the plaintiff must establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." Merlini v. Gallitzin Water Authority, 980 A.2d 502, 506 (Pa. 2009) (citing Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998)).

Defendant asserts that plaintiff must provide expert testimony regarding both the nature of the mechanical damages and the causal connection between the accident and said damages. (ECF No. 90 at 8-15). Expert testimony is required when "the issue is not 'so obvious as to be within the range of experience and comprehension of . . . lay persons.'" Kurian v. Anisman, 851 A.2d 152, 155 (Pa. Super. Ct. 2004) (quoting Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003)). "If all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert." Reardon v. Meehan, 227 A.2d 667, 670 (Pa. 1967). Further, lay persons can draw "necessary inferences . . . where the [damage] develops coincidently with or within a reasonable time after the act complained of." Lustine Chevrolet v. Cadeaux, 19 Md. App. 30, 36, 308 A.2d 747, 751 (1973).

Here, plaintiff does not seek damages for any actual mechanical damage to the truck, but rather for damages resulting from plaintiff's alleged inability to use the truck. To support this

theory, plaintiff offers the testimony of the truck's driver, K. Scott, who maintains that the truck had no mechanical problems before the accident and that after the accident the truck would not shift gears or accelerate past 20 miles per hour. (ECF No. 91-3 ¶¶ 6-7). Even following the repair of the truck's body damages, K. Scott testified that the truck was still unable to shift gears or accelerate. (Id. ¶ 18). K. Scott stated that he and plaintiff made several attempts to contact Hogan regarding the continuing mechanical problems with the truck and asked for a second appraisal. (Id. ¶ 16, 19). Duckworth, the appraiser, believes he conducted a second inspection of plaintiff's truck but could not recall any specifics regarding said inspection. (ECF No. 76-7 at 5-6). There is no record of a supplemental appraisal following this second inspection by Duckworth, who indicated that he would have written a supplemental report if necessary. (Id.) Plaintiff maintains that, because defendant refused to evaluate and repair the truck's mechanical damage, the truck was repossessed, plaintiff lost his business, and, as a result, plaintiff incurred damages. (ECF No. 78 at 2).

      In essence, plaintiff's theory of liability is that the truck's mechanical damages arose "coincidently with or within a reasonable time" following the accident. Lustine Chevrolet, 308 A.2d at 751. Consequently, expert testimony is not necessary because a lay person can make the necessary inference that the accident was the cause of the sudden onset of the truck's inability to shift gears or accelerate. The court agrees that, in light of the testimony of K. Scott regarding the accident's immediate effect on the operation of the truck, genuine issues exist as to whether the alleged mechanical damages existed and, if so, whether the accident was the cause of plaintiff's damages. Indeed, "[w]hether . . . defendant's negligent conduct was a substantial factor in bringing about the plaintiff's harm is normally a question of fact for the jury, and should only be removed from the jury's consideration where it is clear, as a matter of law, that reasonable minds could not

differ on the issue." Kleinknecht v. Gettysburg Coll., 989 F.2d 1360, 1371 (3d Cir. 1993) (quoting Alumni Ass'n v. Sullivan, 535 A.2d 1095, 1098 (Pa. Super. Ct. 1987)).  Accordingly, summary judgment is not appropriate.

### IV.     CONCLUSION

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment (ECF No. 71) is DENIED and defendant's Motion for Summary Judgment (ECF No. 76) is DENIED.  A separate order will be issued.

May 17, 2021                                                  /s/
                                                     Beth P. Gesner
                                                     Chief United States Magistrate Judge